UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Nguyen Thanh Quoc
Alien Number # A-27-821-306
Petitioner

FILED
IN CLERKS OFFICE
2005 MAR -4  P 1:23
U.S. DISTRICT COURT
DISTRICT OF MASS

05-10430 RGS

Vs.

The Department of Homeland Security, Referred to Ch MJ McBauly
Bureau of Immigration and Customs
Enforcement Agency (ICE), Bruce Chadbourne,
Interim Field Office Director for Detention
And Removal, Boston Field Office, and Joseph
McDonald, Sheriff of the Plymouth County
Correctional Facility in Plymouth, Massachusetts

Petition for Writ of Habeas Corpus Pursuant to
28 U.S.C. 2241

Petitioner, Nguyen Thanh Quoc, hereby petition
this Honorable Court for a Writ of Habeas Corpus
to remedy his unlawful detention, and to enjoin his
continued unlawful detention by the Respondents. In
support of this petition and complaint for injunctive
relief, Petitioner alleges as follows;

Parties

1) Petitioner Nguyen Thanh Quoc is, or was a Lawful
Permanent Resident of the United States, and

(1)

a native and citizen of Vietnam. Petitioner was taken into immigration custody on or about March 2004 after a warrant for his arrest was issued on February 3, 2003 by the immigration service for the Petitioner's violation of the immigration laws. See: Attachments

2.) Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration law.

3.) Respondent Bruce Chadbourne is the Interim Field Office Director for Detention and Removal, Boston Field Office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4.) Respondent Joseph McDonald is the Sheriff of the Plymouth County Correctional Facility in Plymouth, Massachusetts which house immigration detainees such as Petitioner based and pursuant to a contract with ICE. Therefore, said Respondent has immediate custody of the Petitioner.

## Custody

5.) Petitioner is detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

(2)

ICE has contracted with said facility to house immigration detainees such as Petitioner. Petitioner is under the direct control of Respondents and their agents.

## Jurisdiction

6) This action arises under the Constitution of the United States. This Court has Jurisdiction under 28 U.S.C. 2241, Art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. 1331, as the Petitioner is presently in custody under colors of the Authority of the United States, and such custody is in violation of the Constitution, or treaties of the United States. See: Foucha v. Louisiana, 112 S. Ct. 1780 (1992) and United States v. Salerno, 107 S. Ct. 2095 (1987).

## Venue

7) Venue lies in the District of Massachusetts because the Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Venue in the District of Massachusetts is also proper because Petitioner is in the custody of Respondent Bruce Chadbourne, Interim Field Office Director of this District, which encompasses Plymouth County Correctional Facility. 28 U.S.C 1391

(3)

## EXHAUSTION OF REMEDIES

8) Petitioner has exhausted his Administrative Remedies to the extent required by law, and his only remedy is by way of this Judicial action. After the Supreme Court decision in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) the Department of Justice issued Regulations governing the custody of Aliens Ordered Removed. See: 8 C.F.R. 241.4. However, Petitioner's Removal/deportation Proceedings were terminated on or about December 3, 2004 by the Immigration Judge who granted the Petitioner's Application for "Withholding of Removal under INA Section 241(b)(3). See <u>Attachment Orders</u>. No Appeal was taken or filed within the required 30 day period by either the Petitioner or ICE. ICE decided to continue the Petitioner's detention nevertheless.

9) No Statutory Exhaustion Requirements Apply to Petitioner's Claim of Unlawful detention.

## STATEMENT OF FACTS

10) The Petitioner was Admitted into the United States at New York, NY on or about June 13, 1986 as a Refugee from Vietnam under Section 207 of the Act. Petitioner's Status was adjusted on February 25, 1988 at Boston, Massachusetts to

(4)

That of Lawful Permanent Resident as of June 13, 1986 under Section 209(a) of the Act. On July 9, 2002 the Petitioner was convicted in Dorchester, Massachusetts District Court for the offense of Receiving Stolen Property Motor Vehicle in violation of Massachusetts General Law Chapter 266 Section 28; To wit a Motor Vehicle, For which he was sentenced to a term of 2 years in Prison or Correctional Facility. On the basis of said conviction Immigration Service charged the Petitioner with a violation of the Immigration Laws, issued a warrant for Petitioner's arrest, and Placed the Petitioner in Immigration Removal/Deportation Proceedings.

11.) The Petitioner Filed an Application for "Withholding of Removal under INA Section 241(b)(3) Among other Applications, and after a number of hearing schedules on the matters by the Immigration Court, on December 3, 2004, The Immigration Judge granted the Petitioner's Application For Withholding of Removal under INA Section 241(b)(3), Pretermitted a number of other applications and Terminated the Immigration Service (ICE) case against the Petitioner. See: Attached Order and Documents. No appeal was taken by Petitioner.

12.) While the Immigration Judge Reserved both, the Respondent and the Petitioner Right

(5)

to Appeal the Court's December 3, 2004 Order, said order became final on or about January 3, 2005, 30-days after said order was issued, as both parties, the Petitioner and ICE, failed in their duty to file a timely appeal as required by law.

13.) The Respondent has fail in their legal duty to release the Petitioner from detention, and have provided no indication as to when is going to release this Petitioner and on what basis is now detaining this Petitioner as the Immigration Court Judge terminated the Removal/Deportation Proceeding against the Petitioner initiated by ICE for the Petitioner's criminal convictions.

<u>Legal Frame Work for Relief Sought</u>

14) The Fifth Amendment's Due Process Clause forbids the Government to "deprive" any "person of liberty without due process of law". Freedom from imprisonment --- from Government custody, detention, or other forms of physical restrain --- lies at the heart of liberty that Clause protects. See: <u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992).

15.) The United States Supreme Court has

(6)

said that government detention violates that clause unless the detention is ordered in a criminal proceeding with adequate procedural protection, or, in certain special and "narrow" non-punitive "circumstances". See: United States v. Salerno, 481 U.S. 739, 746 (1987) and Foucha, at 80.

16.) The Due Process Clause is comprised of two components, one substantive and the other procedural. Substantive due process precludes "The Government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept ordered liberty.'" See: Salerno, id. citing Rochin v. California, 342 U.S. 165, 172, (1952) and Palko v. Connecticut, 302 U.S. 319, 325-26, (1937).

17.) The deprivation of a fundamental liberty interest comports with Due Process only if it is narrowly tailored to serve a compelling government interest. See: Flores, 507 U.S. at 302.

## Claims For Relief

18.) Petitioner re-alleges and incorporates by reference paragraphs 1 through 17 above.

(7)

19.) Petitioner's continued detention by the Respondents violates the Petitioner's right to Due Process under the United States Constitution as it is not narrowly tailored to serve any compelling governmental interest of the Respondents. For the reasons outlined above in paragraphs 1 through 17, Petitioner's continued detention is unconstitutional. The Petitioner's removal proceeding were terminated by the immigration Judge after said Judge granted the Petitioner's application for Withholding of Removal under Section 241(b)(3) of the Act.

20.) Petitioner's continued detention violates his right to Substantive Due Process by depriving him of his core liberty interest to be free from bodily restrain. The Due Process Clause requires that the deprivation of Petitioner's liberty interest be narrowly tailored to serve a compelling government interest. The Respondents have no compelling government interest, as the Respondents waived their rights to appeal the immigration court order issued on December 3, 2004 granting the Petitioner's application for Withholding of Removal and terminating the immigration proceedings against the Petitioner.

## Prayer For Relief

Wherefore, Petitioner prays that this court

(8)

GRANT THE FOLLOWING RELIEF:

1) Assume Jurisdiction over this Matter;

2) Grant Petitioner a Writ of Habeas Corpus directing the Respondents to immediately Release the Petitioner From Custody;

3) Order Respondent to Refrain from transferring the Petitioner out of the Jurisdiction of Boston ICE District Director during the Pendency of these Proceedings and while the Petitioner Remains in Respondents Custody;

4) In the alternative, Order the Respondents to Show Cause why this Writ should not be granted Pursuant to 28 U.S.C. 2243 within 5 working days due to the Petitioner's Unconstitutional detention based on the evidence herein before the Court. SEE: ATTACHMENTS

5) Grant any other and further Relief which this Honorable Court deems Just and Proper.

DATE:                           Respectfully Submitted

                        Nguyen Thanh Quoc, P.C.C.F #
                        Plymouth, MA, 02360

(9)

## CERTIFICATE OF SERVICE

I, NGUYEN THANH QUOC, CERTIFY THAT A COPY OF THE ABOVE DOCUMENTS (PETITION FOR A WRIT OF HABEAS CORPUS) WAS MAILED TOGETHER WITH THE ATTACHMENTS ON 2/28/05 TO FRANK CROWLEY, SPECIAL ASSISTANT U.S. ATTORNEY, DEPARTMENT OF HOMELAND SECURITY, P.O. BOX 8728, JFK STATION, BOSTON, MA, 02114 BY PLACING A COPY IN THE MAIL SYSTEM AT THE FACILITY WHERE I AM DETAINED.

_____
Nguyen Thanh Quoc
P.C.C.F   #
26 Long Pond Rd.
Plymouth, MA, 02360

(10)

U.S. Department of Justice
Immigration and Naturalization Service

# Warrant for Arrest of Alien

File No. A27 821 306

Date: 02-03-2003

To any officer of the Immigration and Naturalization Service delegated authority pursuant to section 287 of the Immigration and Nationality Act:

From evidence submitted to me, it appears that:

NGUYEN, Thanh Quoc      a/k/a NGUAN, Thanh Q     Aliases: CHU, Kevin, NA, Kevin, NGUYEN, Thanh Hoang
(Full name of alien)

an alien who entered the United States at or near _____ New York, New York _____ o:
(Port)

_____ June 13, 1986 _____ is within the country in violation of the immigration laws and i
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By the virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

(Signature of authorized INS official)
Kevin Morrissey
(Print name of official)

Acting Assistant District Director Investigations
(Title)

## Certificate of Service

Served by me at Suffolk Cty H.O.C. on 3/18/04 at 1103 hrs.
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

(Signature of officer serving warrant)
I.E.A.
(Title of officer serving warrant)

Form I-200(Rev. 4-1-97) N

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Custody Determination**

File No: A27 821 306
Date: 02-03-2003

NGUYEN, Thanh Quoc           a/k/a NGUAN, Thanh Q
Aliases: CHU, Kevin, NA, Kevin, NGUYEN, Thanh Hoang

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the Immigration Judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

- ☒ detained in the custody of this Service.
- ☐ released under bond in the amount of $ _____
- ☐ released on your own recognizance.

☐ You may request a review of this determination by an Immigration Judge.
☐ You may not request a review of this determination by an Immigration Judge because the Immigration and Nationality Act prohibits your release from custody.

_____
Kevin Morrissey
(Signature of authorized officer)

Acting Assistant District Director Investigations
(Title of authorized officer)

Boston, Massachusetts
(INS office location)

☒ do ☐ do not request a redetermination of this custody decision by an Immigration Judge.
☒ I acknowledge receipt of this notification.

_____      3/18/04
(Signature of respondent)                 (Date)

---

**RESULT OF CUSTODY REDETERMINATION**

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge    ☐ District Director    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.
☐ Detain in custody of this Service.
☐ Bond amount reset to _____

☐ Release - Order of Recognizance.
☐ Release - Personal Recognizance.
☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev. 4-1-97) N

U. S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A027 821 306
Case No: BOS0311000049

In the Matter of:

Respondent: Thanh Quoc NGUYEN AKA: CHU, KEVIN; NA, KEVIN; NGUYEN, THANH HOANG;
NGUAN, THANH QUOC

7 ALLSTON ST #3
DORCHESTER MASSACHUSETTS 02124 _____ currently residing at:
(Number, street, city state and ZIP code)                                    (617)296-4101
                                                                      (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

COPY

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of VIETNAM and a citizen of VIETNAM;
3) You were admitted to the United States at New York, NY on or about June 13, 1986 as a REFUGEE under section 207 of the Act;
4) Your status was adjusted on February 25, 1988 at Boston, Massachusetts to that of lawful permanent resident as of June 13, 1986 under section 209(a) of the Act;
5) You were, on July 9, 2002 convicted in the Dorchester District Court at Dorchester, Massachusetts for the offense of Receiving Stolen Property Motor Vehicle in violation of Massachusetts General Law Chapter 266 Section 28; to wit a motor vehicle,
6) For the commission of that crime you were sentenced to a term of 2 years in a prison or correctional institution.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least 1 year was imposed.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
JFK Federal Building 15 Sudbury Street Room 320 Boston MASSACHUSETTS US 02203 Boston, MA
(Complete Address of Immigration Court, including Room Number, if any)
on a date to be set _____ at a time to be set to show why you should not be removed from the United States based on the
     (Date)                    (Time)
charge(s) set forth above.

                                         KEVIN MORRISSEY
                                         ACTING ADDI
                                         (Signature and Title of Issuing Officer)

Date: 22/03/2003        $5000/$2500
                                         Boston, Massachusetts
                                         (City and State)

Drug Problems                See reverse for important information
Since probably                  (Brian)
his 20s - his 30s        Called 800# 4/23/04
                                         Form I-862 (Rev. 3/22/99)N

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA   02203-0002

RE:   NGUYEN, THANH QUOC
FILE: A27-821-306                                           DATE:   May 21, 2004

*Atty to Arrive by 10:45A*

TO:         NGUYEN, THANH QUOC
            SUFFOLK HOC
            BOSTON, MA   02116

   Please take notice that the above captioned case has been scheduled for a
Master/Individual hearing before the Immigration Court on  6-25-04
at  9AM  at

JFK FEDERAL BLDG., ROOM 320
BOSTON, MA   02203-0002

   You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court. Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative. If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed. You can request an
earlier hearing in writing.
YOU MUST BRING PHOTO IDENTIFICATION AND HEARING NOTICE TO ENTER THE BUILDING.
   Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:
   1) You may be taken into custody by the Immigration and Naturalization
Service and held for further action.
   2) Your hearing may be held in your absence under section 240(b)(5) of the
Immigration and Nationality Act. An order of removal will be entered against
you if the Immigration and Naturalization Service established by clear,
unequivocal and convincing evidence that a) you or your attorney has been
provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT
BOSTON, MA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
   A List of Free Legal Service Providers has been given to you. For
information regarding the status of your case, call toll free 1-800-898-7180
or 703-305-1662.

Alien Number: 27-821-306                                      Alien Name: NGUYEN, THANH QUOC

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(✓) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
   1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
   2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
   3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.

Date: May 21, 2004
Immigration Judge: _____ or Court Clerk: _____

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: 5-21-04  BY: COURT STAFF ____
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA   02203-0002

RE:   NGUYEN, THANH QUOC
FILE: A27-821-306

TO:       KERRY E. DOYLE
          GRAVES & DOYLE
          77 FRANKLIN ST. 3RD FL.
          BOSTON, MA   02110

DATE:  Jun 9, 2004

**RESCHEDULED HEARING**
DISREGARD ALL NOTICE(S)
ISSUED PRIOR TO THIS DATE

Please take notice that the above captioned case has been scheduled for a MASTER hearing before the Immigration Court on Jul 23, 2004 at 9:00 A.M. at:

JFK FEDERAL BLDG., ROOM 320
BOSTON, MA   02203-0002

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT BOSTON, MA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662. *YOU MUST BRING PHOTO IDENTIFICATION TO ENTER THE BUILDING.*

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [✓] ALIEN's ATT/REP   [✓] INS
DATE: 6-9-04   BY: COURT STAFF   A. Mahoney
Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other
V3
AEB

(6)

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

RE: NGUYEN, THANH QUOC
FILE: A27-821-306                                    DATE: Jul 23, 2004

TO:     KERRY E. DOYLE
        GRAVES & DOYLE
        77 FRANKLIN ST. 3RD FL.
        BOSTON, MA  02110

Please take notice that the above captioned case has been scheduled for a (Master) ~~Individual~~ hearing before the Immigration Court on _AUGUST 20, 2004_ at _9:00 am_

JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

YOU MUST BRING PHOTO IDENTIFICATION AND HEARING NOTICE TO ENTER THE BUILDING.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:

1) You may be taken into custody by the Immigration and Naturalization Service and held for further action.

2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT BOSTON, MA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE

A List of Free Legal Service Providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180

OR 703-305-1642,
Alien Number: 27-821-306                                    Alien Name: NGUYEN, THANH QUOC

LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

(✓) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, Below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Jul 23, 2004
Immigration Judge: _____ Court Clerk: _____

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL ( )    PERSONAL SERVICE (✓)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [✓] ALIEN's ATTY/REP  [ ] INS
DATE: _____ BY: COURT STAFF _____
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other



NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA   02203-0002

RE:  NGUYEN, THANH QUOC
FILE:  A27-821-306                                          DATE:  Aug 20, 2004

TO:        KERRY E. DOYLE
           GRAVES & DOYLE
           77 FRANKLIN ST.  3RD FL.
           BOSTON, MA   02110

   Please take notice that the above captioned case has been scheduled for a
Master/Individual hearing before the Immigration Court on  12-3-04
at  1 pm       at

                    JFK FEDERAL BLDG., ROOM 320
                    BOSTON, MA   02203-0002

   You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
YOU MUST BRING PHOTO IDENTIFICATION AND HEARING NOTICE TO ENTER THE BUILDING.
   Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:
   1) You may be taken into custody by the Immigration and Naturalization
Service and held for further action.
   2) Your hearing may be held in your absence under section 240(b)(5) of the
Immigration and Nationality Act.  An order of removal will be entered against
you if the Immigration and Naturalization Service established by clear,
unequivocal and convincing evidence that a) you or your attorney has been
provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT,
WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT
BOSTON, MA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
   A List of Free Legal Service Providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180

OR 703-305-1662
Alien Number: 27-821-306

Alien Name: NGUYEN, THANH QUOC

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, below) for a period of ten (10) years after the date of entry of the final order of removal.

(✓) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, Below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A, Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A: THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Aug 20, 2004
Immigration Judge: _____ or Court Clerk: _____

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: 8-20-04   BY: COURT STAFF _____
Attachments: [ ] EOIR-33  [ ] EOIR-26  [ ] Legal Services List  [ ] Other