```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS

THANH QUOC NGUYEN,             )
                               )
          Petitioner,          )
                               )
     v.                        )   C.A. No. 05-10430-RGS
                               )
JOSEPH MCDONALD,               )
                               )
          Respondent.          )
```

PROCEDURAL ORDER

For the reasons set forth below, the Court (1) directs the petitioner to pay the $5.00 fee for filing a petition for habeas relief or file an application to proceed in forma pauperis; and (2) orders that sole respondent in this be Joseph McDonald.

BACKGROUND

Petitioner Thanh Quoc Nguyen, an immigration detainee currently confined at the Plymouth County Correctional Facility, has submitted a petition for habeas relief pursuant to 28 U.S.C. § 2241. Nguyen did not pay the $5.00 filing fee for this action, nor he file an application to proceed with the without prepayment of the filing fee. Nguyen named as respondents the Department of Homeland Security, the Bureau of Immigration and Customs Enforcement Agency, Bruce Chadbourne, and Joseph McDonald.

I.  The Filing Fee

A prisoner filing a § 2241 petition in this Court must either (1) pay the $5.00 filing fee for such actions; or (2) file an application to proceed in forma pauperis with a certified

prison account statement.  See 28 U.S.C. § 1914 ($5.00 filing fee for petitions for habeas relief); § 1915 (proceedings in forma pauperis).  For the convenience of litigants, this Court provides a standardized form entitled "Application to Proceed Without Prepayment of Fees and Affidavit."  As the standard application instructs, a prisoner seeking to proceed in forma pauperis must also submit a "statement certified by the appropriate institutional officer showing all receipts expenditures, and balances during the last six months in [his] institutional accounts."  Application at 2; see also 28 U.S.C. § 1915(a)(2).

Because Nguyen has not submitted the filing fee or an application to proceed in forma pauperis, he shall be granted forty-two (42) days from the date of this order to do so.  If Nguyen fails to timely pay the filing fee or submit an application with a certified prison account statement, this action will be dismissed without prejudice.

II.  The Respondent

A writ of habeas corpus must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Among the respondents named by Nguyen, only Joseph McDonald, the sheriff of Plymouth County, is a proper respondent.  As the individual having day-to-day control over the facility in which Nguyen, McDonald is Sunevent's legal custodian.  Rumsfeld v. Padilla, --U.S.--, 124 S. Ct. 2711, 2720 (2004); Vasquez v. Reno,

233 F.3d 688, 694 (1st Cir. 2000), cert. denied sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001); see also Mass. Gen. Laws ch. 126, § 16 (sheriff shall have custody and control of the jails in his county.... and shall be responsible for them).  The Clerk shall correct the case caption to reflect that McDonald is the only respondent in this action.

## CONCLUSION

ACCORDINGLY, (1) the petitioner is directed to either pay the $5.00 filing fee or submit an application to proceed without prepayment of the filing fee with a certified prison account statement within 42 days of the date of this Order or this action shall be dismissed without prejudice; (2) the Clerk shall correct the caption of this case to reflect that McDonald is the only respondent in this action.

The Clerk is directed to send petitioner an Application to Proceed Without Prepayment of Fees and Affidavit with this Order. SO ORDERED.

```
 5-2-05                          /s/ Richard G. Stearns
DATE                            UNITED STATES DISTRICT JUDGE
```