UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
THANH QUOC NGUYEN,              )
                                )
         Petitioner             )
                                )   Civil Action No.
      v.                        )   05cv10430-RGS
                                )
JOSEPH MCDONALD, SHERIFF OF     )
PLYMOUTH COUNTY CORRECTIONAL    )
FACILITY,                       )
                                )
                                )
         Respondent             )
```

RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Petitioner challenges only his continuing detention, but because petitioner was released from custody on March 11, 2005, see Attachment A, Order of Supervision, the relief sought by petitioner -- his release from respondent's custody[1] -- has now come to pass -- and the case should be dismissed for lack of subject matter jurisdiction as moot.

**ARGUMENT**

I. PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston &

<u>Maine Corp. v. Brotherhood of Maintenance of Way Employees</u>, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, <u>American Constitutional Law</u> S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, S. 2 et seq.; <u>see</u> also <u>U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership</u>, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- petitioner's release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- has now been effected by petitioner's release from custody on March 11, 2005, <u>see</u> Attachment A, Order of Supervision, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

---

[1] <u>See</u> 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

By:   s/Frank Crowley
       FRANK CROWLEY
       Special Assistant U.S. Attorney
       Department of Homeland Security
       P.O. Box 8728
       J.F.K. Station
       Boston, MA 02114
       (617) 565-2415

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on May 6, 2005, at his most recently provided address upon release:

50 East Street, Apt. 6
Dorchester, MA  02124

                                    s/Frank Crowley
                                    FRANK CROWLEY
                                    Special Assistant U.S. Attorney
                                    Department of Homeland Security
                                    P.O. Box 8728
                                    J.F.K. Station
                                    Boston, MA 02114

ATTACHMENT A

U.S. Department of Justice  
Immigration and Naturalization Service

**Order of Supervision**

File No: A27 821 306

Date: March 7, 2005

Name: Than Quoc NGUYEN

On <u>December 3, 2004</u>, you were ordered:
(Date of final order)

- [ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
- [x] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

- [x] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

- [x] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

- [x] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

- [x] That you do not travel outside <u>BOSTON DISTRICT</u> for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

- [x] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

- [x] That you report in person on the <u>1st BUS.</u> day of <u>EVERY MONTH</u> to this Service office at:
<u>JFK FEDERAL BUILDING, 17TH FLOOR, BOSTON, MA</u>
unless you are granted written permission to report on another date.

- [x] That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

- [x] Other: ADDRESS: 50 EAST ST, APT 6, Dorchester, MA 02125 / TELEPHONE NO.: 617-282-4737

- [ ] See attached sheet containing other specified conditions (Continue on separate sheet if required)

(Signature of INS official)

LOUIS A. MAHAR, D.O.
(Print name and title of INS official)

START APRIL 1st

### Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the <u>English</u> language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

(Signature of INS official serving order)    (Signature of INS alien)    3-11-05
(Date)

Form I-220B (Rev. 4/1/97)N